Patricia M. BURKE, Plaintiff
and Respondent,

v.

Richard C. BURKE, Defendant
and Appellant.

No. 20404.

Supreme Court of Utah.

Oct. 3, 1986.

Rehearing Denied March 3, 1987.

---

John T. Caine, Ogden, for defendant and appellant.

Mark A. Larsen, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from that portion of a divorce decree awarding real property which defendant claims was owned by his closely held corporation and was not a marital asset subject to distribution.

Defendant contends that the question before this Court does not sound in domestic relations but sounds in corporations. Without citing to the record he makes bare allegations in his brief that there were no factual disputes about ownership of the property in the corporation and of the observance of corporate formalities by the corporation. He then claims that the trial court's ruling was inconsistent with the testimony given and exhibits reviewed at the trial in October of 1980. Defendant has requested no transcript of that hearing, and we are thus unable to review the factual matters raised by him. All we have is the order on the decree of divorce nunc pro tunc that contains the award of the property at issue here.

The burden is on the defendant to prove that the evidence clearly preponderates against the findings he assails. *Mitchell v. Mitchell*, 527 P.2d 1359 (Utah 1974). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion." Utah R.App.P. 11(e)(2). In the absence of a record which allows us to review the assigned errors, we must presume that the trial court's ruling was founded upon admissible, competent, substantial evidence. *Sawyers v. Sawyers*, 558 P.2d 607 (Utah 1976); *Mitchell v. Mitchell* at 1361.

The judgment is affirmed.

DURHAM, J., does not participate herein.