2009 UT App 101

**Martha I. THOMPSON, Petitioner and Appellee,**

v.

**James A. THOMPSON, Respondent and Appellant.**

No. 20080548–CA.

Court of Appeals of Utah.

April 16, 2009.

Shawn T. Farris, St. George, for Appellant.

Rick C. Mellen and Jared G. Brande, St. George, for Appellee.

Before Judges GREENWOOD, BENCH, and McHUGH.

## OPINION

McHUGH, Judge:

¶1 James A. Thompson (Husband) appeals from the trial court's entry of a final Decree of Divorce, which equitably divided the parties' assets. Husband argues that the trial court erred in its distribution of Husband's 401(k) plan (the 401(k)) and the marital home. We affirm in part and reverse and remand in part.

1. Husband's brief indicates that the 401(k) was worth $177,352 at the time of the divorce. We refer instead to the value adopted by the trial

## BACKGROUND

¶2 Husband and Martha I. Thompson (Wife) were married in California in 2002, and they divorced in Utah in 2008. In 1990, Husband established the 401(k) through his employer. Between 1990 and 2002, he made contributions to the 401(k) that totaled $68,784 at the time of the marriage. By the time the parties divorced, the 401(k) had increased in value to $177,302.[1]

¶3 Additionally, several years prior to the marriage, Husband purchased a home in California (the California home). The parties resided in the California home after they married, although title to the property and the mortgage obligations remained in Husband's name alone. In 2005, Husband received an employment offer, which caused the parties to sell the California home and relocate to Utah. Husband applied the $86,410 in proceeds from the sale of the California home to the purchase of a home in St. George, Utah (the Utah home). The parties own the Utah home as joint tenants and are both responsible for the mortgage.

¶4 The trial court awarded Husband the $68,784 he had contributed to the 401(k) prior to the marriage and then divided the remainder of the money in the plan equally between the parties. The court also awarded each spouse fifty percent of the equity in the Utah home.

## ISSUES AND STANDARD OF REVIEW

¶5 Husband first argues that the trial court erroneously denied him both the principal and the appreciated value of his separate, premarital contribution to the Utah home. Second, he claims that the trial court erred when it failed to award him the appreciation on his premarital contribution to the 401(k).

¶6 Wife urges this court to uphold the trial court's conclusion that any premarital contribution to the Utah home from Husband's equity in the California home had lost its characterization as separate property. Wife also argues that the trial court properly treated the appreciation on the 401(k) as a

court in its findings of fact and conclusions of law.

marital asset because the appreciation accumulated during the marriage.

¶ 7 A trial court is afforded "considerable discretion in determining the financial interests of divorc[ing] parties," *Hall v. Hall,* 858 P.2d 1018, 1021 (Utah Ct.App.1993), and "the court's actions are entitled to a presumption of validity," *id.* (internal quotation marks omitted). *Accord Leppert v. Leppert,* 2007 UT App 10, ¶ 9, 200 P.3d 223. Consequently, a determination of property division will be reversed only if the trial court exceeded its discretion. *See Hall,* 858 P.2d at 1021.

## ANALYSIS

¶ 8 When dividing assets between divorcing spouses, a trial court must first categorize the parties' assets into marital and separate property. *See Elman v. Elman,* 2002 UT App 83, ¶ 18, 45 P.3d 176. Generally, each party is entitled to all of that party's separate property, including its appreciation during the marriage. *See Dunn v. Dunn,* 802 P.2d 1314, 1320 (Utah Ct.App.1990). After the separate property of each spouse is identified and backed out of the estate, the marital property is typically awarded so that each spouse receives a roughly equal share. *See Kunzler v. Kunzler,* 2008 UT App 263, ¶ 15, 190 P.3d 497. Husband asserts that these principles support his argument that the trial court should have first awarded him his premarital contributions to the marital home and to the 401(k), including appreciation thereon, before it allocated the martial assets equally between the parties.

¶ 9 "[S]eparate property[, however,] is not 'totally beyond [a] court's reach in an equitable property division.'" *Elman,* 2002 UT App 83, ¶ 19, 45 P.3d 176 (third alteration in original) (quoting *Burt v. Burt,* 799 P.2d 1166, 1169 (Utah Ct.App.1990)). Separate property can become part of the marital estate and subject to equitable distribution if (1) the other spouse has contributed to "the enhancement, maintenance, or protection of that property," *Mortensen v. Mortensen,* 760 P.2d 304, 308 (Utah 1988); (2) "the property has been consumed or its identity lost through commingling," *id.;* or (3) "the distribution [of separate property] achieves a

fair, just, and equitable result," *Dunn,* 802 P.2d at 1320. To make such a determination, however, a trial court must enter findings that the property has lost its separate identity, *see Child v. Child,* 2009 UT 17, ¶ 3 (per curiam), and failure to do so is reversible error, *see Gardner v. Gardner,* 748 P.2d 1076, 1078 (Utah 1988). Further, these findings must sufficiently detail the steps by which the trial court reached its conclusion. *See Rappleye v. Rappleye,* 855 P.2d 260, 263 (Utah Ct.App.1993).

I. The Trial Court's Conclusion That the Utah Home is a Marital Asset Cannot Be Challenged as Unsupported by the Evidence Where Husband Failed to Provide a Trial Transcript.

¶ 10 Husband challenges the trial court's finding that "[t]he Utah home is a marital asset, in which each party is entitled to an equitable share, because the California home proceeds have been commingled into the marital estate ... and because [Wife] had some community property interest in the proceeds of the California home." Although the trial court recognized that Husband's equity from the California home was initially separate property, it concluded that the character of the contribution had changed to marital property because it "ha[d] been consumed or its identity lost through commingling," *Mortensen,* 760 P.2d at 308. The trial court relied upon the fact that although proceeds from the California home were used to purchase the marital home in Utah, title in the Utah home, unlike in the California home, was held by the parties as joint tenants and both parties were liable on the mortgage. The trial court also determined that Wife had acquired a community property interest in the California home that caused the proceeds from the California home to lose their separate identity. Consequently, the trial court concluded that the equity from the California home had been commingled and should therefore be distributed as part of the marital estate. *See Dunn,* 802 P.2d at 1320. Trial courts are in the best position to determine whether property is marital or separate, and we defer to their findings of fact unless clearly erroneous. *See id.* at 1317.

¶ 11 Husband claims that the trial court's findings are clearly erroneous because there is no evidence in the record to suggest that Wife had acquired a community property interest in the California home or that Husband's premarital contribution was not readily ascertainable as a separate contribution. However, Husband failed to provide us with a transcript of the trial court proceedings. "Appellate review of factual matters can be meaningful, orderly, and intelligent only in juxtaposition to a record by which [the trial court's] rulings and decisions on disputes can be measured." *Sawyers v. Sawyers,* 558 P.2d 607, 608 (Utah 1976). "In the absence of a record which allows us to review the assigned errors, we must presume that the trial court's ruling was founded on admissible, competent, substantial evidence." *Burke v. Burke,* 733 P.2d 498, 498 (Utah 1986) (per curiam). Accordingly, we reject Husband's suggestion that we should reverse the trial court's property distribution on the basis of insufficient evidence.

II.  The Trial Court Erred When It Failed to Either Award Husband the Appreciation on the 401(k) or Make Findings That the Appreciation Had Become Marital Property.

¶ 12 Husband next contends that the trial court was required to award him the appreciation accrued during the marriage on his premarital contribution to the 401(k) or to make a specific finding that the appreciation had become marital property. *See Dunn,* 802 P.2d at 1320 (requiring findings before trial court could make a distribution contrary to the general rule that a party is entitled to separate property, including its appreciation); *cf. Hall v. Hall,* 858 P.2d 1018, 1023 (Utah Ct.App.1993) (remanding where in the "[a]bsen[ce of] findings that would justify departure from the presumptive rule of equal distribution," the trial court awarded the wife a reimbursement for her premarital contribution to the marital home with marital assets). We agree. An award of separate property includes its appreciation during the marriage. *See Dunn,* 802 P.2d at 1320.

¶ 13 Furthermore, contrary to Wife's suggestion, our decision in *Jefferies v. Jefferies,* 895 P.2d 835 (Utah Ct.App.1995), does not dictate a different rule for premarital contributions to a retirement account. Mr. Jefferies appealed the trial court's treatment of "the funds that had accrued during marriage in Mr. Jefferies's 401(a) plan as marital property." *Id.* at 836. We concluded there that "funds that accumulated in Mr. Jefferies's 401(a) plan during the marriage clearly fit the functional definition of a marital asset." *Id.* at 837. In that case, though, there was no allegation that Mr. Jefferies had made contributions to the 401(a) before the marriage. Therefore, we were not asked to consider the character of the appreciation during the marriage of premarital contributions.

¶ 14 The issue presented here was addressed by this court in *Dunn v. Dunn,* 802 P.2d 1314 (Utah Ct.App.1990). Mrs. Dunn claimed that the trial court had improperly awarded her husband approximately $90,000 in earnings on his premarital contribution to his retirement account. *See id.* at 1320. In addressing Mrs. Dunn's argument, we explained:

> The issue of accrued interest on the premarital portion of the retirement account should be analyzed pursuant to the general rules regarding premarital property and separate property. The general rule is that equity requires that each party retain the separate property he or she brought into the marriage, including any appreciation of the separate property.

*Id.* Consequently, we held that Mr. Dunn was entitled to his premarital contributions to the retirement account and "all interest attributable to those contributions," *id.,* before the remainder of the account was divided equally between the parties, *see id.* at 1320–21.

¶ 15 The same result is appropriate here. Husband contributed $68,784 to the 401(k) before he and Wife married. The trial court was correct in awarding him that amount as his separate property. In addition, however, Husband was entitled to receive, as separate property, all appreciation attributable to those contributions, even if the appreciation accrued during the marriage. *See id.* at 1320. In contrast, the appreciation of the contributions made during the marriage

should be distributed as marital property. *See Jefferies,* 895 P.2d at 837. "The problem here is that both the record and the findings are inadequate to determine precisely which is which." *Dunn,* 802 P.2d at 1320. Thus, as in *Dunn,* we remand to the trial court for the entry of findings of fact on the amount of appreciation earned on Husband's premarital contribution to the 401(k) account during the marriage. *See id.; see also Child v. Child,* 2009 UT 17, ¶ 3 (per curiam) (requiring remand where the trial court failed to make findings justifying equal division of premarital assets unless the evidence was insufficient as a matter of law to establish an exception to the general rule). If that amount can be calculated from the record, Husband is entitled to an award of the premarital contribution, including its appreciation, before the remainder of the 401(k) is distributed as marital property.

## CONCLUSION

¶ 16 Because the trial court made findings supporting its conclusion that the proceeds from the California home had been commingled into the Utah home and because Husband failed to provide a transcript that would allow us to consider his challenge to those findings, we affirm the award of the equal distribution of the equity in the marital home. With respect to the 401(k), though, the trial court failed to make findings to support its division of the appreciation on Husband's premarital contribution as a marital asset. Accordingly, we reverse and remand for the trial court to either make an award of appreciation—if the amount can be determined from the record—or to enter findings as to why the appreciation should be distributed as marital property.

¶ 17 Affirmed in part, and reversed and remanded in part.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and RUSSELL W. BENCH, Judge.