IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Kathleen Bailey, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110859-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Retirement Board, Long Term Disability | ) | (December 20, 2012) |
| Program, | ) | |
| | ) | 2012 UT App 365 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     David J. Holdsworth, Sandy, for Petitioner
               David B. Hansen and Erin L. Gill, Salt Lake City, for Respondent

-----

Before Judges Davis, Voros, and Christiansen.

VOROS, Judge:

¶1     Petitioner Kathleen Bailey petitions for review of the Utah State Retirement Board's decision denying ongoing permanent total disability benefits. We decline to disturb the Board's ruling.

¶2     In reviewing agency decisions, this court may grant relief if "it determines that a person seeking judicial review has been substantially prejudiced by . . . a determination of fact, made or implied by the agency, that is not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4), (4)(g) (LexisNexis 2011). A finding is supported by substantial evidence "when a reasonable mind might accept as adequate the evidence supporting the

decision." *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 35, 164 P.3d 384 (citation and internal quotation marks omitted).

¶3      The Public Employees' Long-Term Disability Act, *see* Utah Code Ann. §§ 49-21-101 to -407 (LexisNexis 2010), provides disability benefits to "eligible employee[s]" who have a "total disability," *id.* § 49-21-401(4). During the first twenty-four months of disability benefits, "total disability" means "the complete inability, due to objective medical impairment, whether physical or mental, to engage in the eligible employee's regular occupation." *Id.* § 49-21-102(11)(a). Thereafter, the definition of total disability narrows in two ways. First, "total disability" means "the complete inability . . . to engage in any gainful occupation which is reasonable, considering the eligible employee's education, training, and experience." *Id.* § 49-21-102(11)(b). Second, total disability must be determined "based solely on physical objective medical impairment." *Id.* "Objective medical impairment" means "an impairment resulting from an injury or illness which is diagnosed by a physician and which is based on accepted objective medical tests or findings rather than subjective complaints." *Id.* § 49-21-102(6).

¶4      To paraphrase these statutory definitions, after the initial twenty-four month period, a state employee has a total disability only if she is (1) completely unable to engage in any reasonable gainful occupation (2) based solely on physical impairment (3) diagnosed from objective medical tests or findings and not subjective complaints. Moreover, the employee bears the burden of proving that she has a disability that qualifies under the narrowly drawn statutory scheme. *See id.* § 49-11-613(4).

¶5      Here, Bailey challenges the Board's ruling that she did not meet her burden to prove a total physical disability as shown by objective medical findings. Specifically, the Board found that while Bailey "suffers from physical symptoms," "the psychological component of her symptoms is so predominating that it is the primary reason for any inability to be gainfully employed."

¶6      Bailey acknowledges her burden to marshal the evidence in support of the Board's findings. *See* Utah R. App. P. 24(a)(9) ("A party challenging a fact finding must first marshal all record evidence that supports the challenged finding."); *see also Martinez*, 2007 UT 42, ¶ 17. However, she makes only a minimal effort to summarize the evidence supporting the Board's findings. In particular, Bailey's opening brief is written

as though no evidence of her mental health was before the Board. She thus ignores considerable evidence that at least arguably supports the Board's conclusion.

¶7 For example, Bailey acknowledges the Board's reliance on a decision of the Social Security Administration awarding her disability benefits on the basis of her mental impairments. But she does not address the Social Security Administration's detailed discussion of her specific diagnoses.[1] Bailey also acknowledges in her statement of facts that she received her original two-year state disability benefits "based on psychological illness." But she does not discuss the record evidence supporting that determination, which is set forth in Respondent's brief. An independent neuropsychological evaluation performed by a licensed psychologist "support[ed] Mrs. Bailey's claim that she has disabling . . . problems." These included half a dozen conditions. And over the years health professionals have described Bailey as suffering from a variety of psychological disorders. The psychologist concluded that Bailey would not be able to continue working for the State "[a]s a result of all these psychological problems."

¶8 In short, Bailey attempts to persuade us that the Board's finding was unsupported by substantial evidence without offering a fair summary of the evidence that supports that finding.[2] Formal briefing requirements aside, an argument that does not fully acknowledge the evidence supporting a finding of fact has little chance, as a matter of logic, of demonstrating that the finding lacked adequate factual support.

¶9 Bailey asserts that she presented "credible evidence through her testimony, her treating physicians' testimony, and her medical records attesting that her documented objective medical [physical] impairments limit her functional ability and that those limits preclude her from working." Bailey provided evidence of physical impairment

---

[1]Bailey did present additional evidence below showing that the Social Security Administration provided conflicting explanations for the basis of the award of benefits. Such evidentiary conflicts are primarily a matter for the fact finder to resolve. *See Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App. 1989).

[2]Nor does Bailey acknowledge the weakness in her own evidence. For example, she relies repeatedly on EKG, MRI, and X-ray test results as "objective medical tests or findings" in satisfaction of section 49-21-102(6). But these tests were all completed *before* Bailey worked for the State for approximately a year and a half.

primarily from two treating physicians. Dr. Giovanniello testified that Bailey's physical conditions were "causing significant pain . . . [and] functional deficits." He concluded that Bailey "can't perform sedentary work" and thus "will be unable to maintain gainful employment." Dr. Murnin completed a medical source statement indicating that Bailey's physical conditions limited her ability to work by constantly interfering with attention and concentration, and requiring her to elevate her legs while sitting and walk around after fifteen minutes of continuous sitting.

¶10 Respondent presented evidence of Bailey's physical condition primarily from two consulting physicians. Based solely on Bailey's medical records, Dr. Rondina confirmed the presence of back and knee pain and found 12% whole person impairment, but suggested, tentatively, that Bailey's "psychiatric disease may also still be a significant contributor to her alleged disability." Dr. Stadler provided an independent medical examination based on Bailey's medical records and an in-person consultation. He concluded that the musculoskeletal examination was normal and that the neurologic examination was normal. He ultimately found no impairment, concluding that his examination did "not substantiate [Bailey's] subjective complaints."

¶11 Bailey argues that the evidence she presented should have been given more weight than the evidence presented by the Respondent. She invites this court to adopt an approach akin to the Social Security Administration's treating physician rule. Under this rule, the Social Security Administration "will generally 'give more weight to opinions from . . . treating sources,' and 'will always give good reasons in [its] notice of determination or decision for the weight [it gives the] treating source's opinion.'" *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003) (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2002)). Bailey argues that in a case involving a "battle of doctors," this rule would be helpful by providing "structure to the decision making process versus arbitrary decision making."

¶12 We decline to adopt the treating physician rule, principally because, unlike the Commissioner of Social Security, the Utah State Retirement Board has not "adopted regulations approving and formalizing use of the rule in the [agency's] disability program," *see* 538 U.S. at 829. Moreover, "[t]he treating physician rule has not attracted universal adherence outside the Social Security context." *Id.* at 830 n.3. Furthermore, our own supreme court has rejected a version of the rule in the workers' compensation context on the ground that it "would restrict the fact-finding role of the [Labor]

Commission, as that role has been defined by statute and case law." *See Rushton v. Gelco Express*, 732 P.2d 109, 111 (Utah 1986).

¶13    In sum, Bailey attempts to challenge the Board's findings as unsupported by substantial evidence by arguing that the Board erred in its credibility determinations and its weighing of the evidence. "It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences." *Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah Ct. App. 1989). Had the Board found in Bailey's favor, this court might well have held that finding to be supported by substantial evidence. However, neither Bailey's brief on appeal nor our own review of the record has persuaded us that the Board's key finding was not supported by substantial evidence. *See Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints*, 2007 UT 42, ¶ 35, 164 P.3d 384.

¶14    Finally, Bailey contends that the Board's and the Hearing Officer's findings of fact are inadequate, because "the Hearing Officer did not explain why he did not find Dr. Murnin's or Dr. Giovanniello's evidence and opinions persuasive but why he found Dr. Stadler's opinion persuasive. The Hearing Officer did not explain how he could come to such a conclusion or *why* he came to such a conclusion."

¶15    "An administrative agency must make findings of fact and conclusions of law that are adequately detailed so as to permit meaningful appellate review." *Adams v. Board of Review of the Indus. Comm'n*, 821 P.2d 1, 4 (Utah Ct. App. 1991). For us to meaningfully review an agency's findings, "the findings must be 'sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.'" *Nyrehn v. Industrial Comm'n*, 800 P.2d 330, 335 (Utah Ct. App. 1990) (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)).

¶16    The Hearing Officer's findings were adequate. The ultimate issue in this case is whether Bailey had a total physical disability. The Hearing Officer supported his ultimate finding with several subsidiary findings, including his finding that Dr. Stadler's and Dr. Rondina's opinions were persuasive and that psychological impairment was "the primary reason for any inability to be gainfully employed." The

basis for the agency's decision is therefore clear, and the findings provide adequate detail to allow us to review the sufficiency of the evidence supporting those findings.

¶17    We decline to disturb the Board's ruling.

_____

J. Frederic Voros Jr., Judge

-----

¶18    WE CONCUR:

_____

James Z. Davis, Judge

_____

Michele M. Christiansen, Judge