2013 UT App 82

# THE UTAH COURT OF APPEALS

NILUFER CAGATAY,

*Petitioner and Appellant,*

*v.*

KORKUT ERTURK,

*Respondent and Appellee.*

Memorandum Decision
No. 20120189-CA
Filed April 4, 2013

Third District, West Jordan Department
The Honorable Andrew H. Stone
No. 084401493

Albert N. Pranno, Attorney for Appellant
Thomas J. Burns and A. Howard Lundgren,
Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH
and MICHELE M. CHRISTIANSEN concurred.

VOROS, Judge:

¶1      Nilufer Cagatay (Wife) challenges several aspects of the
Decree of Divorce entered by the trial court. We affirm in part and
reverse and remand in part.

¶2      Wife first contends that the trial court abused its discretion
in awarding the parties joint physical custody of the parties' minor
child. We review an award of physical custody for abuse of

discretion. *See Davis v. Davis*, 749 P.2d 647, 648 (Utah 1988). And to the extent Wife asks us to review the facts supporting the custody determination, we review the challenge for clear error. *See id.* The factual premise of Wife's contention is that "during the entirety of the parties' minor child's life, [Wife] had been the child's primary caregiver." This factual assertion contradicts the trial court's findings that "[b]oth parents participated in raising [the child] before the divorce," and that for a nearly two-year period following the parties' separation, they "shared custody of their minor son on an almost equal basis with [Korkut Erturk (Husband)] having him three nights per week (Saturday, Sunday, and Monday) and [Wife] having him four nights per week (Tuesday, Wednesday, Thursday, and Friday)."

¶3 Wife neither cites the record in support of her own factual claim that she was the primary caregiver nor marshals the evidence supporting the findings of the court. Nor does she support with citation to the record her assertion that "insufficient evidence was presented at trial to support the court's findings relating to custody." She does cite testimony supporting her position that a joint custody arrangement was not in the child's best interest, but without marshaling the evidence *in support* of the trial court's findings, she cannot demonstrate that such evidence was legally insufficient to support those findings. *See Bailey v. Retirement Bd., Long Term Disability Program*, 2012 UT App 365, ¶ 8, 294 P.3d 577 (mem.); *Kimball v. Kimball*, 2009 UT App 233, ¶ 20 n.5, 217 P.3d 733; *West Valley City v. Majestic Inv. Co.*, 818 P.2d 1311, 1315 (Utah Ct. App. 1991). Accordingly, Wife's arguments fail to demonstrate that the trial court's findings were clearly erroneous and that its award of joint custody was an abuse of discretion. *See* Utah R. App. P. 24(a)(9); *State v. Lee*, 2006 UT 5, ¶ 22, 128 P.3d 1179; *State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998).

¶4 Wife also challenges the trial court's reliance on the report produced by the custody evaluator. Wife argues that the trial court erred by relying on the report because it was not admitted into evidence and the custody evaluator did not testify at trial. She also

argues that the court abused its discretion by adopting the recommendations in whole, relying on the report to the exclusion of other testimony.

¶5     In fact, Wife herself offered the report into evidence and it was admitted. And while the trial court relied heavily on the report, it did not adopt the recommendations in whole. The trial court's fifty-two findings addressing custody make clear that the court considered witness testimony in addition to the report and considered whether the evaluator's recommendations would be in the best interests of the child. Furthermore, our case law states that trial courts may rely on custody evaluations in making custody determinations, even when the evaluator does not testify. *See Merriam v. Merriam*, 799 P.2d 1172, 1175–76 (Utah Ct. App. 1990).

¶6     Wife next contends that the trial court erred in its valuation and division of the marital property. Wife argues that the court should not have ascertained the value of an apartment in Istanbul based on the limited, "uncertain" nature of the evidence before it, and that the court abused its discretion in not granting a new trial on the basis of new evidence as to the apartment's value. However, Wife does not mention in her brief that earlier in the litigation the court declared as a discovery sanction that the Istanbul apartment was marital property and that Wife would be limited in the evidence she could produce as to its value. *See generally* Utah R. Civ. P. 37(b)(2)(A)–(B).[1] Without mentioning—let alone challenging—this earlier ruling, Wife cannot meet her burden of persuasion on appeal to overcome the presumption "that a lower court has conducted its affairs properly and that the outcome of its process is sufficiently supported in law and fact," *State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448.

---

1. This rule was amended effective November 1, 2011. We cite the pre-amendment version of the rule, which was in effect at the time the relevant order was entered.

¶7 Wife also argues that the trial court erred by including the value of the entire Istanbul property as part of the marital estate when the testimony was disputed as to whether the parties owned the property and how much of the property they owned. Wife's argument involves a challenge to the findings of fact underlying the court's ultimate conclusion; we review such findings for clear error, giving "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." *See* Utah R. Civ. P. 52(a); *Keiter v. Keiter*, 2010 UT App 169, ¶¶ 16–17, 235 P.3d 782; *Thompson v. Thompson*, 2009 UT App 101, ¶ 10, 208 P.3d 539. Again, Wife has failed to carry her burden on appeal.

¶8 Although the court had determined as a discovery sanction that the apartment was marital property, after trial it reaffirmed that ruling "independent of its prior order." The court apparently disbelieved Wife's testimony that she owned only a portion of the property and that she transferred it out of the marital estate before trial. On appeal, Wife makes only broad assertions challenging the court's findings, with one relevant citation to the record. Wife does not cite to evidence in the record to demonstrate what her ownership interest in fact was, nor does she otherwise demonstrate that the trial court's findings were clearly erroneous. "[T]he overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *See State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (citation and internal quotation marks omitted). We will not do an appellant's heavy lifting to demonstrate error on appeal. *See Robison*, 2006 UT 65, ¶ 21.

¶9 Wife next contends that the trial court erred in calculating her income for purposes of child support. The court ordered Husband to pay $13.05 per month in child support. Wife asserts that the court attributed the net rent from an apartment in New York City to Wife's income for purposes of calculating child support but awarded the apartment to Husband. Husband responds that the trial court did not in fact attribute the rental income to Wife. Our own review of the record indicates that Wife is correct on this point. The parties' 2011 financial declarations and

the child support obligation worksheet that the court used to arrive at the child support award demonstrate that $263 of rental income was attributed to Wife for purposes of calculating child support. This was error. *Cf. English v. English*, 565 P.2d 409, 412 (Utah 1977) (modifying alimony award because, in part, the trial court had attributed to husband net rents awarded to wife).

¶10    Finally, Wife contends that the trial court abused its discretion by failing to consider the rent received from the New York City apartment when determining whether to award alimony. "In fashioning an alimony award, trial courts must consider the statutory factors set forth in Utah Code section 30-3-5." *Connell v. Connell*, 2010 UT App 139, ¶ 9, 233 P.3d 836. Among these factors are "the financial condition and needs of the recipient spouse," "the recipient's earning capacity or ability to produce income," and "the ability of the payor spouse to provide support." Utah Code Ann. § 30-3-5(8)(a) (LexisNexis Supp. 2012). "If a trial court considers these factors in setting an award of alimony, we will not disturb its award absent a showing that such a serious inequity has resulted as to manifest a clear abuse of discretion." *Connell*, 2010 UT App 139, ¶ 9 (citation and internal quotation marks omitted). In its findings related to alimony, the trial court discussed the parties' financial situation in broad terms. The court found that the parties had "nearly identical income from their employment" and "comparable monthly expenses, with comparable monthly shortfalls between income and expenses." In light of the error in the child support calculation identified above, it is not clear whether the court considered the change in rental income affected by the divorce decree in making its alimony determination. To the extent that the court incorrectly attributed rental income to Wife in considering alimony, *see English*, 565 P.2d at 412, the court should revisit the question of alimony on remand.[2]

---

2. We do not address other arguments advanced by Wife, because we have determined that they either lack merit or are inadequately

(continued...)

¶11    Accordingly, we affirm the Decree of Divorce except as to the issues of child support and alimony. We remand for recalculation of the child support award and, if appropriate, reconsideration of alimony.[3]

————

2. (...continued)
briefed. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his Court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal.").

3. Husband's request for attorney fees on appeal is denied. *See Workman v. Workman*, 652 P.2d 931, 934 (Utah 1982) (declining to award attorney fees where divorce decree was modified on one point but otherwise affirmed).