GREYHOUND LINES, INC., Plaintiff,

v.

Delbert W. WALLACE, Industrial
Commission of Utah, and Second
Injury Fund, Defendants.

No. 20869.

Supreme Court of Utah.

Nov. 21, 1986.

Henry K. Chai II, Salt Lake City, for plaintiffs.

Gilbert Martinez, David L. Wilkinson, Attys. Gen., Salt Lake City, for defendants.

PER CURIAM:

Plaintiff petitions for review of an order of the Industrial Commission which altered the decision of the administrative law judge awarding Delbert W. Wallace temporary total disability benefits.

Claimant Wallace has a history of back problems. On December 18, 1981, he was working as a bus driver for plaintiff when he slipped on some ice and fell as he descended the bus stairs. He suffered injuries to his lower back, right elbow, and left shoulder and filed with plaintiff a report of injury. He received payments from plaintiff (a self-insurer) for temporary total disability, but a hearing was scheduled when dispute arose over permanent partial disability. In its answer, plaintiff stated that it has continued to pay temporary total disability benefits and that "the only issues are the permanent partial disability relating to the industrial accident and the temporary total disability cut off date." In framing the issues at the hearing on August 7, 1984, the following colloquy occurred:

> *Plaintiff's counsel:* I think the only issues—that I identified in my answer—were permanent total and permanent partial. My understanding is he has gone back to work, and he was paid up until the time he went back to work.
>
> *Law Judge:* Does that eliminate that one?
>
> *Claimant's counsel:* Yes. We have no quarrel with the temporary total.
>
> *Law Judge:* So it's just permanent partial?
>
> *Claimant's counsel:* Yes.

Evidence of Wallace's medical history was admitted, and the medical aspects of the case were referred to a medical panel.

In answer to the question, "What percentage of medical costs were due to the industrial accident and what percentage due to pre-existing conditions?" the panel found as follows:

> [H]e would [be] entitled to an approximate three month[s'] course of conserva-

tive treatment for temporary aggravation of his lumbosacral spine problem. . . . [A] reasonable amount of pain medication with a contusion of the right elbow and the thoracic spine would be justified over an approximate three month period.

The administrative law judge held that plaintiff had not waived the issue of temporary total disability and, based upon the panel report, found that the temporary total disability period was three months. The administrative law judge calculated that Wallace had received an overpayment of temporary total benefits in the amount of $16,675.81, which was allowed as a setoff against the award for permanent partial impairment benefits.

Wallace filed a motion for review with the Industrial Commission. The Commission affirmed the holding that in its answer plaintiff had preserved the issue of temporary total disability. The Commission went on, however, to find (as a matter of fact) that Wallace's condition did not stabilize until November 29, 1983. In so ruling, the Commission rejected the finding of the administrative law judge that stabilization occurred three months after the injury. It reasoned as follows:

The Applicant was apparently under the impression that while his physician was providing medical treatment, he was entitled to temporary total disability status. On the other hand, the Commission cannot order temporary total disability compensation based upon ongoing medical treatment if the Applicant's condition had stabilized. For purposes of this determination, the Commission has chosen to recognize the expertise of the treating physician. While it is not apparent from the records on file that the treating physician ever really released the Applicant to work, he did issue a permanent partial impairment rating on November 29, 1983. The issuance of a permanent partial impairment rating is indicative of the patient's medical stabilization. As such, the Industrial Commission finds that the Applicant herein reached medical stabilization, thus terminating his temporary total disability, as of November 29, 1983.

In its writ of review filed with this Court, plaintiff challenges the Commission's finding as to stabilization. Plaintiff suggests that stabilization is a medical question and that, in the absence of any objection, the report of the medical panel must be accepted. This misconstrues the role of the medical panel. In *IGA Food Fair v. Martin,* 584 P.2d 828 (Utah 1978), we held that it is the Industrial Commission that is solely responsible for finding facts. While it may rely on the report of the medical experts, it may also rely on the other evidence contained in the record. In the instant case, the Commission chose to accept statements of Wallace's physician instead of the medical panel. The Commission stated that the issuance of a permanent partial impairment rating is "indicative" of stabilization. This is consistent with our recent pronouncement in *Booms v. Rapp Construction,* 720 P.2d 1363, 1366 (Utah 1986):

The determination of the temporary or permanent character of a disability is typically made when a claimant reaches medical stabilization. This Court has stated that temporary disability benefits "are intended to compensate a [worker] during the period of healing and until he is able to return to work. . . ." [Citation omitted.] In *Entwistle v. Wilkins* [626 P.2d 495 (Utah 1981)], we indicated that total temporary benefits are to continue "until [the claimant's] condition has *stabilized.*" 626 P.2d at 497 (emphasis added). Stabilization means that the period of healing has ended and the condition of the claimant will not materially improve. Once healing has ended, the permanent nature of the claimant's disability can be assessed and benefits awarded accordingly. [Footnote omitted.] Once a claimant reaches medical stabilization, the claimant is moved from temporary to permanent status and he is no longer eligible for temporary benefits. Thus, the statutes imply that at some point a claimant's disability ceases to be temporary and should be recognized as permanent.

Plaintiff asserts that since it was not objected to, the medical panel report pro-

vides conclusive evidence that stabilization occurred three months after the accident. It should be noted that the "three-month" finding of the panel did not directly relate to the date of stabilization: it concerned the apportionment of medical costs between current injury and preexisting conditions. In any event, the Commission has the discretion to accept or reject a panel's report even in the absence of objections. U.C.A., 1953, § 35–1–77 provides:

> If no objections are so filed ..., the report shall be deemed admitted in evidence and the commission may base its finding and decision on the report of the panel, but shall not be bound by such report if there is other substantial conflicting evidence in the case which supports a contrary finding by the commission.

The record in the instant case includes substantial evidence to support the Commission's finding that Wallace's condition stabilized on November 29, 1983. On that date, Wallace's personal physician rated Wallace's permanent partial impairment after characterizing his status as "fairly well stabilized."

The Commission's order is affirmed. No costs awarded.

HOWE, J., dissents.