2014 UT App 104

SWIFT TRANSPORTATION and Ace American Insurance, Petitioners,

v.

LABOR COMMISSION and Paul McClendon, Respondents.

No. 20130507–CA.

Court of Appeals of Utah.

May 8, 2014.

Brad J. Miller, Attorney for Petitioners Jaceson R. Maughan, Attorney for Respondent Labor Commission.

Gary E. Atkin, Salt Lake City, and Marsha S. Atkin, Attorneys for Respondent Paul McClendon.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Judges GREGORY K. ORME and JOHN A. PEARCE concurred.

Memorandum Decision

CHRISTIANSEN, Judge:

¶ 1 Swift Transportation and its insurer, Ace American Insurance, petition for judicial review of a Labor Commission decision awarding permanent total disability benefits to Paul McClendon. Because Swift has not shown that the Commission erred in determining that McClendon is permanently and totally disabled, we decline to disturb the Commission's order.

¶ 2 McClendon was injured on October 4, 2008, while inspecting a refrigerated truck

container.[1] To check the refrigerant level, McClendon had climbed some six feet off the ground on a ladder to access the refrigeration unit located on the outside of the container. As McClendon was checking the sight glass that indicated the refrigerant level, the glass blew out, and he was hit in the face with a spray of refrigerant and oil. The force of the blowout knocked McClendon to the ground, where he landed on a pile of metal.

¶ 3 McClendon was treated that same day for exposure to the refrigerant and injuries from his fall. He was seen three days later by his primary-care physician, complaining of headaches, memory loss, poor balance, neck stiffness, numbness in his fingers, and pain in his left knee. He was diagnosed with a concussion and further treated for exposure to the refrigerant. McClendon attempted to return to work shortly after the accident, but he suffered a blackout while driving and was released from work by his physician. McClendon continued to seek treatment for both his physical injuries and his cognitive difficulties.

¶ 4 In July 2009, McClendon underwent a medical evaluation at Swift's request. He was diagnosed with headaches related to the industrial accident and chronic cervical spine pain. The evaluating doctor found no evidence of cognitive dysfunction and did not attribute McClendon's other conditions to the industrial accident. The doctor deemed McClendon medically stable, and McClendon returned to light-duty work. However, he had difficulty performing his work, including working on the computer and completing paperwork. On September 9, 2009, Swift terminated McClendon because he could no longer perform his job.

¶ 5 After his termination, McClendon filed an application with the Commission for permanent total disability benefits. McClendon's primary-care physician performed an evaluation of McClendon's mental residual functional capacity. That evaluation identi-

fied numerous cognitive difficulties, including severe limitations on McClendon's ability to carry out instructions, maintain attention and concentration for extended periods, and travel in unfamiliar places. Another doctor performed an assessment of McClendon's physical residual functional capacity. Based on that assessment, the doctor recommended physical restrictions, including not frequently lifting more than ten pounds and not sitting or standing more than six hours in a workday. McClendon was given a 10% whole person impairment rating as a result of his cognitive difficulties and a 5% whole person impairment rating as a result of his physical injuries. McClendon's primary-care physician opined that McClendon could not return to work given his physical restrictions and cognitive difficulties. Swift also hired a doctor to perform a medical evaluation of McClendon. That doctor attributed the majority of McClendon's difficulties to preexisting conditions, questioned whether McClendon had experienced an industrial accident at all, and opined that McClendon was capable of returning to work subject to some lifting restrictions.

¶ 6 Because of the conflicting medical evidence, the administrative law judge assigned to consider the claim (the ALJ) referred the medical issues to a medical panel. After examining McClendon and reviewing his medical history, the medical panel opined that McClendon had preexisting cognitive difficulties unrelated to the accident, but that his "problems with perceptual organization and intermittent lapses in attention are likely to have been exacerbated on a permanent basis by the industrial injury." The panel also opined that the accident may have permanently aggravated a preexisting cervical spine condition and that there was therefore a demonstrable causal connection between the accident and McClendon's cervical spine condition and left extremity numbness and pain. The panel ultimately attributed to the accident a 3% whole person impairment due to McClendon's cognitive impairment and a

1. In reviewing the decision of the Commission, we view the facts in the light most favorable to the Commission's findings. *Entwistle Co. v. Wilkins,* 626 P.2d 495, 498 (Utah 1981). Due to McClendon's preexisting conditions and the ex-

tensive medical records presented in the record, we discuss only those injuries and medical diagnoses necessary to understand the issues presented.

3% whole person impairment due to his cervical condition. After receiving the medical panel's report, the ALJ found that McClendon was permanently and totally disabled as a result of the accident and ordered Swift to pay benefits to McClendon. Swift moved the Commission for review of the ALJ's order. The Commission adopted the ALJ's findings of fact and affirmed the ALJ's determination that McClendon was permanently and totally disabled. Swift now seeks judicial review of that order.

¶ 7 To establish entitlement to permanent total disability benefits based on an industrial accident, an employee must demonstrate that "the employee sustained a significant impairment or combination of impairments as a result of the industrial accident," that the employee now has a permanent total disability, and that the industrial accident is the direct cause of the permanent total disability. Utah Code Ann. § 34A–2–413(1)(b) (Lexis-Nexis 2011). And to show the existence of a permanent total disability, the employee must prove (1) that the employee is not gainfully employed; (2) that the employee has impairments that limit the employee's ability to do basic work activities; (3) that industrially or occupationally caused impairments prevent the employee from performing the "essential functions" of the work for which the employee was qualified before the accident; and (4) that the employee cannot perform "other work reasonably available." *Id.* § 34A–2–413(1)(c). Swift challenges only the Commission's findings that McClendon's impairments limit his ability to perform basic work activities and that his work-related impairments prevent him from performing the essential functions of the work he performed before the accident.

 ¶ 8 We will not disturb the Commission's factual findings unless the party challenging the findings demonstrates that a finding is not supported by substantial evidence. *See Murray v. Labor Comm'n,* 2013 UT 38, ¶ 19, 308 P.3d 461; *see also* Utah Code Ann. § 63G–4–403(4)(g) (LexisNexis 2011) (permitting an appellate court to grant relief if an agency finding of fact "is not supported by substantial evidence"). To successfully challenge the Commission's factual

findings, a party must generally marshal all record evidence that supports the challenged finding and then demonstrate how that evidence is inadequate to support the finding. *See Martinez v. Media–Paymaster Plus/ Church of Jesus Christ of Latter-Day Saints,* 2007 UT 42, ¶ 17, 164 P.3d 384. Swift has not done so. Notably absent from Swift's briefing is any mention of the examinations performed by McClendon's primary-care physician or other doctors indicating that McClendon experienced physical and cognitive impairment. Rather, Swift mentions only the results of its own evaluation of McClendon and those parts of the medical panel's report that support its position. Swift has not acknowledged and rebutted the evidence supporting the Commission's findings and has failed to demonstrate how that evidence is inadequate.

 ¶ 9 Instead, Swift's argument to this court is that the Commission improperly substituted its opinion of the medical evidence for the report of the medical panel, which Swift asserts clearly supported a finding that McClendon was not permanently and totally disabled. We first note our disagreement with Swift's contention that the Commission's finding is "directly inconsistent" with the medical panel's report. The panel recognized that McClendon's cervical spine condition and certain cognitive difficulties had been permanently aggravated by the accident. And while the panel opined that, standing alone, the residual effects of McClendon's concussion would result in "very few work restrictions," it did not opine that such restrictions would not limit McClendon's ability to perform basic or essential work functions. Thus, the panel report itself did not preclude a finding that McClendon was permanently and totally disabled.

 ¶ 10 Moreover, even if the Commission's findings were inconsistent with the medical panel's report, the Commission, not the medical panel, is the ultimate fact finder. *See Johnston v. Labor Comm'n,* 2013 UT App 179, ¶ 23, 307 P.3d 615. Accordingly, the Commission is not bound by the opinions contained in the medical panel's report and may weigh the report against the other evi-

dence before it in arriving at its findings.[2] *Id.* Even if we were to conclude that the medical panel's report did not support a finding that McClendon was permanently and totally disabled, there was sufficient other evidence before the Commission on which to base such a finding. At its core, Swift's argument is simply an invitation for this court to reweigh the evidence presented to the Commission and "find that [McClendon] is not permanently and totally disabled." We will not do so. *See Migliaccio v. Labor Comm'n,* 2013 UT App 51, ¶ 7, 298 P.3d 676 ("It is not the role of this court to reweigh the evidence and substitute our conclusion for that of the Commission." (citation and internal quotation marks omitted)).

¶ 11 Swift has failed to show that the Commission's factual findings are not supported by substantial evidence or to identify any other error in the Commission's determination that McClendon is permanently and totally disabled. Accordingly, we decline to disturb the Commission's order.

---

**2.** We find ourselves somewhat perplexed by Swift's argument that it is improper for the Commission to disregard a medical panel's report. In the proceedings before the ALJ, Swift objected to the medical panel's report. Swift argued not only that the ALJ could have disregarded the medical panel's report, but that the ALJ *should have* disregarded the medical panel's report.