2023 UT App 40

## THE UTAH COURT OF APPEALS

C.R. ENGLAND INC., INDEMNITY INSURANCE CO. OF NORTH
AMERICA, AND ACE INDEMNITY INSURANCE CO.,
Petitioners,
*v.*
LABOR COMMISSION AND SUZI POYFAIR,
Respondents.

Opinion
No. 20210819-CA
Filed April 20, 2023

Original Proceeding in this Court

Christin Bechmann, Attorney for Petitioners

Richard R. Burke, Attorney for
Respondent Suzi Poyfair

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES RYAN D. TENNEY and JOHN D. LUTHY concurred.

CHRISTIANSEN FORSTER, Judge:

¶1      C.R. England Inc., Indemnity Insurance Co. of North
America, and ACE Indemnity Insurance Co. (collectively, C.R.
England) petition for judicial review of the Labor Commission's
decision overruling, in part, C.R. England's objection to the
medical panel's report relating to Suzi Poyfair's industrial injury.
We decline to set aside the Board's decision.


### BACKGROUND

¶2      Poyfair suffered a work-related injury and sought workers'
compensation benefits. To help reach a decision on Poyfair's
workers' compensation claim, the administrative law judge (ALJ)
assigned to the case referred the matter to a medical panel. In its

report, the medical panel stated that it had "reviewed all the [medical] records provided." The provided medical records included a report from C.R. England's medical examiner, Dr. Theiler, in which he opined that there was "no reason why [Poyfair] could not stand, sit, and walk eight hours" and "return to work in a sedentary capacity of 40 hours plus a week."

¶3    Contrary to Dr. Theiler's opinion, however, the medical panel opined, "[I]n her current state [Poyfair] has a temporary inability to perform basic work. She is limited in her ability to remain at work through the day, and has a decreased degree of flexibility, strength, and endurance." The medical panel further opined that "with continued treatment [Poyfair] should be able to return to basic work activities" and provided a list of treatment recommendations, which included cognitive behavioral therapy. The medical panel did not specifically discuss Dr. Theiler's report or explain its disagreement with that report.

¶4    C.R. England objected to the medical panel's report on several grounds, including that the panel had not adequately supported its recommendation for cognitive behavioral therapy and that it should have discussed Dr. Theiler's report and explained its reasoning for rejecting it.[1] The ALJ overruled these objections and admitted the report into evidence. C.R. England filed a motion for review with the Appeals Board, which also rejected C.R. England's arguments on these points. C.R. England now petitions this court for review of that decision.

---

1. C.R. England made additional objections to the report, one of which was sustained by the ALJ and one of which was sustained by the Appeals Board. As a result, several aspects of the medical panel's report were disregarded. However, these other objections are not at issue on appeal, so we do not discuss them further.

ISSUE AND STANDARD OF REVIEW

¶5    C.R. England challenges the Appeals Board's decision overruling its two objections to the medical panel's report discussed above. "We review the [Labor] Commission's refusal to exclude a medical panel report . . . under an abuse of discretion standard, providing relief only if a reasonable basis for that decision is not apparent from the record." *Bade-Brown v. Labor Comm'n*, 2016 UT App 65, ¶ 8, 372 P.3d 44 (quotation simplified).

ANALYSIS

¶6    In support of its recommendation of cognitive behavioral therapy, the medical panel stated its belief that "[c]ognitive behavioral therapy . . . may be beneficial" to Poyfair. C.R. England asserts that the medical panel's use of the word "may" indicates that its "recommendation was not made to the standard of reasonable medical probability" and could therefore not support a finding that the treatment was medically necessary to treat Poyfair's work injuries. However, a medical panel's use of terms such as "may" and "possible" in relation to a particular aspect of its report does not necessarily indicate that its conclusions are based on a mere "possibility" as opposed to a "medical probability." *See Danny's Drywall v. Labor Comm'n*, 2014 UT App 277, ¶¶ 16–17, 339 P.3d 624. We therefore must read the report "as a whole" to determine whether a medical panel's opinion is based on its "assessment of medical probability." *See id.* ¶ 17. Here, the medical panel indicated that its recommendations were "evidence based" and developed in consultation with "the American College of Occupational Medicine Guidelines 'Treatment of Chronic Pain.'" It further opined that its "treatment recommendations" would help to improve Poyfair's "chronic pain" and enable her "to return to basic work activities." In explaining the need for cognitive behavioral and other recommended therapies, the medical panel explained that "[n]o

single intervention or treatment is likely to be effective in patients with chronic low back pain" and that "[i]n the presence of disabling chronic pain, it is important . . . to understand that the pain has a biologic basis . . . but functional rehabilitation will aid in normalizing pain signaling." Considering the medical panel's recommendation in context, we agree with the Appeals Board that the panel's report supported its recommendation of cognitive behavioral therapy to a reasonable medical probability.

¶7 C.R. England next challenges the medical panel's report on the ground that the medical panel did not explicitly address Dr. Theiler's opinion that Poyfair was capable of returning to work. However, C.R. England cites no authority in support of its assertion that the medical panel was required to discuss Dr. Theiler's conclusions in its report, nor do we see why such a requirement would be necessary.[2] The medical panel indicated that it had reviewed the entire medical record, and there is no reason to doubt that it did. The medical panel may have bolstered its conclusions by explaining its disagreement with Dr. Theiler in more detail, but its failure to do so certainly does not fundamentally undermine the value of its independent opinions. Ultimately, a "medical panel's role is to assist the Commission by evaluating medical evidence and advising the Commission with respect to its ultimate fact-finding responsibility." *Bade-Brown v. Labor Comm'n*, 2016 UT App 65, ¶ 12, 372 P.3d 44 (quotation simplified). In reviewing the evidence, the ALJ must "consider not

---

2. C.R. England also does not discuss what the parameters of such a rule would look like. In other words, how much discussion or analysis of a contrary opinion would be necessary for the medical panel's report to be adequate? We see no reason to open the floodgates of litigation by adopting a rule that—given the medical panel's limited role as a provider of evidence rather than a decision maker—would have little real impact on the outcome of workers' compensation claims.

only the report of the medical panel, but also all of the other evidence." *Id.* ¶ 13 (quotation simplified). In other words, the ALJ was still bound to consider Dr. Theiler's report, which she did,[3] regardless of whether the medical panel discussed it. The Appeals Board therefore did not exceed its discretion in overruling C.R. England's objection to the medical panel's report.

## CONCLUSION

¶8    Because we agree with the Labor Commission that the medical panel adequately supported its finding regarding the need for cognitive behavioral therapy and that it was not required to explain its disagreement with Dr. Theiler's report, we decline to set aside the Labor Commission's decision to overrule C.R. England's objections.[4]

––––––––––

3. Specifically, the ALJ found that "Dr. Theiler's opinion [was] outweighed by the unanimity of" two other treating physicians and the medical panel.

4. Poyfair argues that she should be awarded her costs and fees under rule 33 of the Utah Rules of Appellate Procedure. While we ultimately resolve this matter in Poyfair's favor, we do not find C.R. England's arguments to rise to the level of a frivolous appeal as contemplated in rule 33. We therefore deny Poyfair's request for attorney fees.